UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LEROY REGINALD WALLS, III, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:08CV927 HEA |
| ) | |
| CITY OF BRIDGETON, MISSOURI, ) | |
| ) | |
| Defendant. ) | |

# OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss Plaintiff's Second Amended Petition, [Doc. No. 5] and Defendant's Motion to Strike Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss, [Doc. No. 10]. Plaintiff has responded to Defendant's Motion to Dismiss, but has not responded to the Motion to Strike. For the reasons set forth below, the Motions are granted.

## Facts and Background

Defendant removed this matter from the Circuit Court for the County of St. Louis, Missouri, Twenty-First Judicial Circuit, on June 27, 2008, based on the Court's federal question jurisdiction. Thereafter, Defendant filed the instant Motion to Dismiss for failure to state a claim. Plaintiff responded with an opposition in which he argues that the action is proper under 42 U.S.C. § 14141. As Defendant

correctly argues, this statute was not cited or referenced anywhere in Plaintiff's Amended Petition for Damages, Relief and Judgment for Compensation and Costs. Moreover, this statute[1] only applies to juveniles and the statute does not provide a private right of action. As such, Plaintiff's Opposition to Defendant's Motion to Dismiss must be stricken pursuant to Rule 12(f) as immaterial to the issues before the Court.

With respect to Defendant's Motion to Dismiss, the Motion is well taken for a number of independent bases. While this matter was pending in the State Court, Defendant moved to dismiss. Plaintiff was granted leave to file the Amended

---

[1] Section 14141 of Title 42 U.S.C. provides:

(a) Unlawful conduct

It shall be unlawful for any governmental authority, or any agent thereof, or any person acting on behalf of a governmental authority, to engage in a pattern or practice of conduct by law enforcement officers or by officials or employees of any governmental agency with responsibility for the administration of juvenile justice or the incarceration of juveniles that deprives persons of rights, privileges, or immunities secured or protected by the Constitution or laws of the United States.

(b) Civil action by Attorney General

Whenever the Attorney General has reasonable cause to believe that a violation of paragraph (1) has occurred, the Attorney General, for or in the name of the United States, may in a civil action obtain appropriate equitable and declaratory relief to eliminate the pattern or practice.

42 U.S.C.A. § 14141

Petition for Damages, Relief and Judgment for Compensation and Costs.  What can be surmised from this pleading is that Plaintiff claims he was denied approval of a subdivision development.  This pleading alleges that Defendant racially discriminated against Plaintiff, harassed him, and "searched and seized persons in his home," in violation of the Missouri Human Rights Act and 42 U.S.C, §§ 1981, 1982, 1983, and 1988.

## Standard of Review

The purpose of a motion to dismiss is to test the sufficiency of the complaint. The Supreme Court has recently determined that *Conley v. Gibson's*, 355 U.S. 41, 45-46 (1957), "no set of facts" language "has earned its retirement." *Bell Atlantic Corp. v. Twombly,* __ U.S.__, __, 127 S.Ct. 1955, 1969 (2007).  Noting the plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief,'" the Court held that a viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 127 S.Ct. at 1964-65, 1974.  In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965.  The Court explained that this new standard "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [the claim or element]." *Id.*  On the other hand, the Court noted that "of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that

actual proof of the facts alleged is improbable, and 'that a recovery is very remote and unlikely.'" *Id.* (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974)). "[P]rior rulings and considered views of leading commentators" can assist in assessing the plausibility of the plaintiffs' allegations. *Id.* at 1966. This standard of review has recently been utilized by the Eighth Circuit Court of Appeals. The Court accepts "as true all factual allegations in the complaint, giving no effect to conclusory allegations of law. The plaintiff must assert facts that affirmatively and plausibly suggest that the pleader has the right he claims (here, the right to jurisdiction), rather than facts that are merely consistent with such a right." *Stalley v. Catholic Health Initiatives*, 509 F.3d 517, 521 (8th Cir. 2007). (Citations omitted).

When considering a motion to dismiss, courts are still required to accept the complaint's factual allegations as true. *Twombly*, 127 S.Ct. at 1965. All reasonable inferences from the complaint must be drawn in favor of the nonmoving party. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004). "In considering a motion to dismiss, courts accept the plaintiff's factual allegations as true, but reject conclusory allegations of law and unwarranted inferences." *Silver v. H & R Block, Inc.,* 105 F.3d 394, 397 (8th Cir. 1997). Furthermore, the Court, in construing the Complaint, may also consider the attachments thereto. Any written

instrument attached to a complaint is considered a part of the complaint, and may be considered in ruling on a motion to dismiss. Fed.R.Civ.P. 10(c); *Quinn v. Ocwen Federal Bank FSB,* 470 F.3d 1240, 1244 (8th Cir. 2006).

### Discussion

Count I of Plaintiff's Amended Petition seeks a judicial determination that Defendant violated 42 U.S.C. § 1981, 1982, 1983, and 1988 and Sections 213.010 and 213.111 RSMo.

**Federal Claims**

Plaintiff has not alleged a custom or policy followed by Defendant. While the failure to allege a policy or custom is not fatal to Plaintiff's federal claims, Plaintiff must at the very least set forth allegations from which a policy or custom may be inferred:

> A corporation acting under color of state law will only be held liable under § 1983 for its own unconstitutional policies. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). The test is whether there exists a policy, custom or action by those who represent official policy which inflicts an injury actionable under § 1983. *Id.* at 694, 98 S.Ct. 2018. In other words, to prove a policy, custom or action, [Plaintiff] must show "a continuing, widespread, persistent pattern of unconstitutional misconduct" by [Defendant's] employees; "[d]eliberate indifference to or tacit authorization of such conduct by [Defendant's] policymaking officials after notice to the officials of that misconduct;" and she "was injured by acts pursuant to [Defendant's] custom, i.e., that the custom was the moving force behind the constitutional violation." *S.J. v. Kansas City Mo. Pub. Sch.*

*Dist.*, 294 F.3d 1025, 1028 (8th Cir.2002) (internal quotations and citations omitted).

[Plaintiff] need not, however, specifically plead the existence of an unconstitutional policy or custom to survive a motion to dismiss. *Doe v. Sch. Dist. of Norfolk*, 340 F.3d 605, 614 (8th Cir.2003).

[A] plaintiff may not be privy to the facts necessary to accurately describe or identify any policies or customs which may have caused the deprivation of a constitutional right. Moreover, such a holding would disregard the liberality of Fed.R.Civ.P. 8(a)(2) which requires merely "a short and plain statement of the claim showing that the pleader is entitled to relief," and 8(f), which states "pleadings shall be so construed as to do substantial justice."

*Id.*

Accordingly, [Plaintiff's] complaint is not deficient because she failed to incorporate language specifically alleging the "existence of an unconstitutional policy or custom." *Id.* Nevertheless, [Plaintiff's] failure to include any "allegations, reference, or language by which one could begin to draw an inference that the conduct complained of ... resulted from an unconstitutional policy or custom" renders the complaint deficient. *Id.* "At a minimum, a complaint must allege facts which would support the existence of an unconstitutional policy or custom." *Id.*

Here, the district court found [Plaintiff] failed to include in her complaint any language or facts from which an inference could be drawn that [Defendant] had a policy or custom of illegal involuntary commitments. Our review of the complaint confirms the district court's finding. We are unable to divine anything from the complaint alleging such a policy or custom.

Citing *Doe v. School District of Norfolk*, 340 F.3d at 613, [Plaintiff] argues she was not required to show, at this juncture, the existence of such a practice or custom because those facts may have been

> developed during discovery. The argument misses the mark. The district court dismissed the complaint because [Plaintiff] failed to include any allegations suggesting the existence of an unconstitutional practice or custom. On appeal, [Plaintiff] has again failed to allege the existence of an unconstitutional practice or custom and at oral argument conceded the absence of any such allegations in the complaint.

*Crumpley-Patterson,* 388 F.3d at 590 -591.

Plaintiff's pleading allows no implication of any official policy or custom which would give rise to a claim under Sections 1981, 1982 and/or 1983. While Plaintiff attempts to set out discriminatory claims, these allegations are directed solely to individual members of the Board of Aldermen for the Defendant City. Plaintiff does not allege any actions which would establish any causal connection between the alleged discriminatory activities and an official policy or custom of Defendant.

Individually, Plaintiff's federal claims fail on other grounds as well. With respect to Plaintiff's Section 1981 claim, there are no allegations that a contract was entered into between Plaintiff and Defendant, a necessary element of a claim pursuant to Section 1981. 42 U.S.C. § 1981. As such, this claim fails to state a cause of action under *Twombly*.

Likewise, Plaintiff's Section 1982 claim fails in that there are no allegations

pled which would support a property claim in the Avondale Estates Preliminary Subdivision Plan. Section 1982 guarantees all citizens of the United States the same rights enjoyed by white citizens to "inherit, purchase, lease, sell, hold, and convey real and personal property." In short, this section forbids official and private interference with property rights because of race. *Jones v. Alfred H. Mayer Co.*, 392 U.S. 409, 414 (1968). Plaintiff's Complaint, however, fails to allege any property interest in the Subdivision Plan. Moreover, Plaintiff fails to allege that he was actually denied the application or that he continued with the development. Indeed, it appears that Defendant conditionally *approved* the Preliminary Subdivision Plan, conditioned on the change required to meet ordinance requirements.

Plaintiff does not set forth a specific right of which he was denied in order to state a claim under Section 1983. Section 1983 does not create substantive rights, but rather serves as a "method for vindicating federal rights elsewhere conferred." *Baker v. McCollan,* 443 U.S. 137, 144 n. 3 (1979). To establish a prima facie case under § 1983, a plaintiff must prove two elements: (1) that the government action occurred "under color of state law" and (2) that the action resulted in a deprivation of a constitutional right or federal statutory right. *Parratt v. Taylor,* 451 U.S. 527, 535 (1981); *see also Gentry v. Lee's Summit,* 10 F.3d 1340, 1342 (8th Cir.1993).

Thus, "a complaint must allege deprivation of a right, privilege or immunity secured by the Constitution and laws of the United Sates" *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). Because Plaintiff failed to identify a particular federal right of which he was allegedly deprived, the Complaint fails to state a cause of action under Section 1983.

As Defendant correctly points out, Section 1988 does not grant Plaintiff an independent basis upon which to assert a cause of action. Section 1988 provides for the imposition of state law in areas not addressed by federal civil rights laws and provides for the recovery of attorneys' fees and costs in certain situations for claims based on other enumerated federal claims. Plaintiff cannot, therefore state a separate cause of action under the provisions of Section 1988.

**State Claims**

Under the Missouri Human Rights Act, a Plaintiff must file a complaint with the Missouri Commission on Human Rights within 180 days of the alleged discriminatory act. RSMo § 213.075.1. Section 213.075 requires any person claiming to be aggrieved by an unlawful discriminatory practice to file a complaint with the Commission within 180 days of the alleged act of discrimination. Any act of discrimination occurring outside the 180-day period is considered "merely an unfortunate event in history which has no present consequences." *Pollock,* 11

S.W.3d 754 at 763 (quoting *United Air Lines, Inc. v. Evans,* 431 U.S. 553, 557, 97 S.Ct. 1885, 52 L.Ed.2d 571 (1977)). However, the requirements for timely filing are subject to principles of waiver, estoppel, and equitable tolling, including the continuing violation theory exception. *Id; Thompson v. Western-Southern Life Assur. Co.* 82 S.W.3d 203, 206 -207 (Mo.App. E.D. 2002). Plaintiff has not alleged that he timely filed any complaint with the MCHR prior to initiating this action, nor that any of the equitable grounds for not doing so apply. As such, his claims must be dismissed.

## Conclusion

Defendant urges the Court to dismiss with prejudice because Plaintiff has attempted to state a cause of action in the State Court prior to the instant pleading. The Court, however, will allow Plaintiff to amend his Complaint to specifically remedy the faults contained therein. Failure to so remedy the Complaint will result in dismissal with prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss Plaintiff's Second Amended Petition, [Doc. No. 5] and Defendant's Motion to Strike Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss, [Doc. No. 10], are **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff is granted 14 days from the date of this Order to file an Amended Complaint.

Dated this 11th day of December, 2008.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE