UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LEROY REGINALD WALLS, III, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:08CR927 HEA |
| ) | |
| CITY OF BRIDGETON, MISSOURI, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court Defendant's Motion to Dismiss Plaintiff's Third Amended Petition, [Doc. No. 15] and Defendant's Motion to Strike Plaintiff's Amended Petition, [Doc. No. 14]. Plaintiff has responded to the Motion to Dismiss, but not to the Motion to Strike. For the reasons set forth below, the Motion to Dismiss will be granted and the Motion to Strike is denied, as moot.

## Facts and Background

Defendant removed this matter from the Circuit Court for the County of St. Louis, Missouri on June 27, 2008, based on the Court's federal question jurisdiction. Thereafter, Defendant filed a Motion to Dismiss for failure to state a claim. The Court granted Defendant's Motion on December 11, 2008, but allowed Plaintiff to file a Third Amended Complaint. In its Memorandum and Order of December 11, 2009, the Court warned Plaintiff that a failure to comply with

Memorandum and Order in terms of remedying the shortcomings of the Second Amended Complaint would result in dismissal with prejudice of this action. Defendant now seeks such dismissal.

## Standard of Review

The purpose of a motion to dismiss is to test the sufficiency of the complaint. The Supreme Court has recently determined that *Conley v. Gibson's*, 355 U.S. 41, 45-46 (1957), "no set of facts" language "has earned its retirement." *Bell Atlantic Corp. v. Twombly,* __ U.S.__, __, 127 S.Ct. 1955, 1969 (2007). Noting the plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief,'" the Court held that a viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 127 S.Ct. at 1964-65, 1974. In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965. The Court explained that this new standard "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [the claim or element]." *Id.* On the other hand, the Court noted that "of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable, and 'that a recovery is very remote and unlikely.'" *Id.* (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974)). "[P]rior rulings and considered views of leading commentators" can assist in

assessing the plausibility of the plaintiffs' allegations. *Id.* at 1966. This standard of review has recently been utilized by the Eighth Circuit Court of Appeals. The Court accepts "as true all factual allegations in the complaint, giving no effect to conclusory allegations of law. The plaintiff must assert facts that affirmatively and plausibly suggest that the pleader has the right he claims (here, the right to jurisdiction), rather than facts that are merely consistent with such a right." *Stalley v. Catholic Health Initiatives*, 509 F.3d 517, 521 (8th Cir. 2007). (Citations omitted).

When considering a motion to dismiss, courts are still required to accept the complaint's factual allegations as true. *Twombly*, 127 S.Ct. at 1965. All reasonable inferences from the complaint must be drawn in favor of the nonmoving party. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004). "In considering a motion to dismiss, courts accept the plaintiff's factual allegations as true, but reject conclusory allegations of law and unwarranted inferences." *Silver v. H & R Block, Inc.,* 105 F.3d 394, 397 (8th Cir. 1997). Furthermore, the Court, in construing the Complaint, may also consider the attachments thereto. Any written instrument attached to a complaint is considered a part of the complaint, and may be considered in ruling on a motion to dismiss. Fed.R.Civ.P. 10(c); *Quinn v. Ocwen Federal Bank FSB,* 470 F.3d 1240, 1244 (8th Cir. 2006).

**Discussion**

Count I of Plaintiff's Third Amended Petition[1] seeks a judicial determination that Defendant violated 42 U.S.C. § 1981(a), 1982, 1983, and 1988. Count II of alleges Defendant deprived Plaintiff of his rights under the 4th and 14th Amendments. Count III alleges that the City of Bridgeton Police Department deprived Plaintiff of his 4th Amendment right by searching his home without a warrant.

With respect to Counts I and II, Defendant argues that Plaintiff lacks standing to bring the claims asserted therein.

Standing is "a jurisdictional prerequisite that must be resolved before reaching the merits of a suit." *City of Clarkson Valley v. Mineta*, 495 F.3d 567, 569 (8th Cir.2007). To establish standing, the party invoking federal jurisdiction must establish, at a minimum, three elements: (1) that it suffered an injury to a legally protected interest, or injury in fact, that is concrete and particularized, as well as actual or imminent, rather than conjectural or hypothetical; (2) that there is "a causal connection between the injury and the conduct complained of[, i.e., that] the injury

---

[1] While the proper pleading in this Court is a complaint, Plaintiff has continuously filed "Petitions," presumably because of the original filing in the State Court. For consistency purposes, the Court will continue to refer to the pleading as a Petition.

[is] 'fairly ... trace[able] to the challenged action of the defendant' "; and (3) that it is "'likely' ... that the injury will be 'redressed by a favorable decision.'" *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61(1992) (quoting *Simon v. Eastern Ky. Welfare Rights Org.*, 426 U.S. 26, 41-42, 38, and 43(1976)). To establish the "particularized" aspect of the injury, "the injury must affect the plaintiff in a personal and individual way." *Id.* at 560 n. 1.

"Similarly, a corporate officer cannot maintain a personal action against a third party for harm caused to the corporation, unless the officer alleges a direct injury not derivative of the company's injury. *Potthoff v. Morin*, 245 F.3d 710, 717-18 (8th Cir.2001) (sole shareholder and principal employee has no standing to enforce a First Amendment claim because he did not personally suffer a direct, nonderivative injury)." *Alternate Fuels, Inc. v. Cabanas,* 538 F.3d 969, 973 (8th Cir. 2008).

Plaintiff's case is brought by Plaintiff as an individual, however, the Preliminary Subdivision Plan Application, on which Plaintiff's claims rest, was submitted by L.R. Walls Homes, LLC.[2]  Counts I and II of Plaintiff's Third

---

[2] "When ruling on a motion to dismiss under Rule[ ] 12(b)(6)..., a district court generally may not consider materials outside the pleadings." *Noble Sys. Corp. v. Alorica Central, LLC*, 543 F.3d 978, 982 (8th Cir.2008). "It may, however, consider ... materials that do not contradict the complaint, or materials that are 'necessarily embraced by the pleadings.'" *Id.* (quoting *Porous Media Corp. v. Pall*

Amended Petition only asserts claims of the limited liability corporation, L.R. Walls Homes, LLC, the entity that submitted the Application. Plaintiff, as an individual, therefore lacks standing to bring Counts I and II, and as such, these claims must be dismissed.

Moreover, the Third Amended Petition suffers from many of the same shortcomings as the previous Petitions. Plaintiff has not alleged a custom, practice or policy followed by Defendant. With respect to Plaintiff's federal constitutional claims, it is clear that a municipality or governmental entity cannot be held vicariously liable under § 1983 for the unconstitutional conduct of its agents or employees. *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 694 (1978). Rather, a municipality may be held liable only if the plaintiff identifies a particular policy, custom, or practice that resulted in the alleged constitutional violations. *Moyle v. Anderson*, 571 F.3d 814, 817 (8th Cir. 2009); *City of Canton v. Harris,* 489 U.S. 378, 386-87 (1989); *Brockinton v. City of Sherwood,* 503 F.3d 667, 674 (8th Cir.2007).

---

*Corp.*, 186 F.3d 1077, 1079 (8th Cir.1999)). See also *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007) (when considering Rule 12(b)(6) motion to dismiss, court may examine documents incorporated into complaint by reference).
 The Court may also consider documents whose contents are alleged in the complaint and whose authenticity is not questioned by the parties, but which are not physically attached to the pleading. *Kushner v. Beverly Enters*., 317 f.3d 820, 831 (8th Cir. 2003).

Plaintiff "must identify a governmental 'policy or custom that caused the plaintiff's injury.'" *Brockinton*, 503 F.3d at 674 (quoting *Bd. of the County Comm'rs v. Brown*, 520 U.S. 397, 403 (1997)). A governmental custom requires "a pattern of 'persistent and widespread' ... practices which bec[o]me so 'permanent and well settled' as to have the effect and force of law." *Brockinton,* 503 F.3d at 674 (quoting *Doe v. Special Sch. Dist.*, 901 F.2d 642, 645 (8th Cir.1990)). A governmental policy "involves a deliberate choice to follow a course of action ... made from among various alternatives by an official who has the final authority to establish governmental policy." *Id.*

> A corporation acting under color of state law will only be held liable under § 1983 for its own unconstitutional policies. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). The test is whether there exists a policy, custom or action by those who represent official policy which inflicts an injury actionable under § 1983. *Id.* at 694, 98 S.Ct. 2018. In other words, to prove a policy, custom or action, [Plaintiff] must show "a continuing, widespread, persistent pattern of unconstitutional misconduct" by [Defendant's] employees; "[d]eliberate indifference to or tacit authorization of such conduct by [Defendant's] policymaking officials after notice to the officials of that misconduct;" and she "was injured by acts pursuant to [Defendant's] custom, i.e., that the custom was the moving force behind the constitutional violation." *S.J. v. Kansas City Mo. Pub. Sch. Dist.*, 294 F.3d 1025, 1028 (8th Cir.2002) (internal quotations and citations omitted).
>
> [Plaintiff] need not, however, specifically plead the existence of an unconstitutional policy or custom to survive a motion to dismiss. *Doe v. Sch. Dist. of Norfolk*, 340 F.3d 605, 614 (8th Cir.2003).

> [A] plaintiff may not be privy to the facts necessary to accurately describe or identify any policies or customs which may have caused the deprivation of a constitutional right. Moreover, such a holding would disregard the liberality of Fed.R.Civ.P. 8(a)(2) which requires merely "a short and plain statement of the claim showing that the pleader is entitled to relief," and 8(f), which states "pleadings shall be so construed as to do substantial justice."
>
> *Id*.
>
> Accordingly, [Plaintiff's] complaint is not deficient because she failed to incorporate language specifically alleging the "existence of an unconstitutional policy or custom." *Id*. Nevertheless, [Plaintiff's] failure to include any "allegations, reference, or language by which one could begin to draw an inference that the conduct complained of ... resulted from an unconstitutional policy or custom" renders the complaint deficient. *Id*. "At a minimum, a complaint must allege facts which would support the existence of an unconstitutional policy or custom." *Id*.

*Crumpley-Patterson,* 388 F.3d at 590 -591.

Once again, Plaintiff's pleading fails to imply any official policy or custom which would give rise to a claim under Sections 1981, 1982 and/or 1983. While Plaintiff attempts to set out discriminatory claims, these allegations go solely to individual members of the Board of Aldermen for the Defendant City. Nowhere within Plaintiff's Third Amended Petition does Plaintiff allege any actions which would establish any causal connection between the alleged discriminatory activities and an official policy or custom of Defendant.

Counts II and III attempt to state claims solely under the Fourth and Fourteenth Amendments. As Defendant correctly argue, these Amendments do not grant an independent right of relief, rather, they are the articulation of the certain rights enumerated therein. Section 1983 is the remedial statute, which "is not itself a source of substantive rights, but [rather] a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver,* 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan,* 443 U.S. 137, 144 n. 3 (1979)). Presuming that Plaintiff intended to bring Counts II and III pursuant to Section 1983, these claims are insufficient to state a cause of action because, as discussed above, Plaintiff has failed to set forth a custom or policy of Defendant which gave rise to the alleged violation of Plaintiff's Fourth and Fourteenth Amendment rights. As such, Defendant cannot be held liable for the individual actions of the City's officials or the police officers of the City of Bridgeton. Indeed, as Defendant points out, the allegations of the Third Amended Petition indicate that the individuals were acting in contravention of the City's laws and customs.

## **Conclusion**

Defendant urges the Court to dismiss with prejudice. In its previous Memorandum and Order, the Court allowed Plaintiff to amend his pleading to specifically remedy the faults contained therein. The Court admonished Plaintiff

that failure to so remedy the Petition would result in dismissal with prejudice. Plaintiff has failed to remedy the insufficiencies of his claims. As such, the Court concludes that he is unable to do so and therefore will dismiss this action with prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss Plaintiff's Third Amended Petition, [Doc. No. 15], is granted.

**IT IS FURTHER ORDERED** that Defendant's Motion to Strike Plaintiff's Third Amended Petition, [Doc. No. 14], is denied, as moot.

**IT IS FURTHER ORDERED** that this matter is dismissed with prejudice.

Dated this 24th day of August, 2009.

_____
 HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE